NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION

ROHN & CARPENTER, LLC,

    Plaintiff,

v.

K. Glenda CAMERON, Christopher GLOVER, J. Gregory ALLEN, and Richard GOLOMB,

    Defendants.

Civ. No. 11-0045

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter comes before the Court upon the Motion to Remand [docket # 9] filed by Plaintiff Rohn & Carpenter, LLC. Defendants oppose the motion [20]. The Court has decided the motion after considering the parties' written submissions and without holding oral argument. For the reasons stated below, Plaintiff's motion is granted.

## II. BACKGROUND[1]

Plaintiff Rohn & Carpenter, LLC, a law firm, filed this case in the Superior Court of the Virgin Islands. Defendants removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, arguing that the only non-diverse defendant, Glenda Cameron, was fraudulently joined. Plaintiff disputes this and now seeks to remand the case to the territorial court.

---

[1] All facts are taken from Plaintiff's Complaint [1-1] and assumed to be true for purposes of deciding a motion to remand. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (citation and quotations omitted).

1

This case arises from the relationship between Plaintiff Rohn & Carpenter, LLC, and the firm's former client, Helene James-Steele. (Compl. ¶ 7–8) [1-1]. In 2004, James-Steele signed a retainer agreement with Plaintiff's predecessor, the former law firm of Rohn & Cameron, LLC, which was composed of two principal members, Lee Rohn and Glenda Cameron.[2] The firm then filed a case in the District Court of the Virgin Islands titled *James-Steele v. Ford Motor Company*, Civ. No. 04-123, and litigated the case for several years (*Id.* ¶¶ 8–10.) In January 2009, Defendant Cameron left Rohn & Cameron, LLC, and the firm became Rohn & Carpenter, LLC. (*Id.* ¶¶ 21–22.) Cameron "severed all ties . . . other than to do independent contract work[,]" and "[t]hereafter she did not represent any of the former [firm] clients." (*Id.* ¶¶ 22–23.)

Later that year, Plaintiff was apparently approached by Defendants Allen and Glover, attorneys in Alabama who expressed an interest in working with Plaintiff on cases in the Virgin Islands, including James-Steele's case. (*Id.* ¶¶ 4–5, 11.) The parties entered an agreement whereby Plaintiff would move Allen and Glover into several cases as counsel *pro hac vice*, Allen and Glover would assume all litigation expenses, and the parties would split any fees equally between Plaintiff and Allen and Glover's law firm. (*Id.* ¶ 13.) Allen and Glover then brought Defendant Golomb into the James-Steele case, allegedly because Golomb knew the judge presiding over the case. (*Id.* ¶¶ 17–19.)

The Complaint states that, at some point, Defendants Allen, Golomb, and Glover "began their conspiracy to interfere with the relationship between Plaintiff and James-Steele." (*Id.* ¶ 27.) They tried to get Plaintiff to agree to withdraw from the James-Steele case and then threatened to withdraw themselves and take a retained expert and the expert's evidence if Plaintiff did not withdraw. (*Id.* ¶¶ 28–30.) In response, Plaintiff requested that they withdraw or Plaintiff would

---

[2] We note at the outset that the Complaint in this case, which was filed by Rohn, frequently uses the term "Plaintiff" when it appears to mean Rohn herself. We also note that Plaintiff has filed a proposed amended complaint that corrects these errors and adds Rohn as an individual plaintiff.

move to revoke their *pro hac vice* admissions; but they refused to withdraw. (*Id*. ¶¶ 34–35.) According to the Complaint, Plaintiff relayed this to James-Steele, who agreed that she did not want these Defendants involved in the case and that Plaintiff should inform them that they were terminated. (*Id*. ¶ 37.) Defendant Allen refused, however, to turn over the case file to Plaintiff and instead threatened to have the expert withdraw from the case. (*Id*. ¶¶ 37–39.)

The Complaint states that Defendant Cameron was also involved in the conspiracy to interfere with Plaintiff's relationship with James-Steele, in part by "falsely representing to the Court that she [Cameron] had previously represented to [sic] Ms. James-Steele and was appearing in connection with her ongoing representation of Ms. James-Steele." (*Id*. ¶ 42) Further, Cameron "defamed the Plaintiff to Ms. James-Steele and told her that Plaintiff was not a fitting Attorney to represent her and other false negative information about her in order to convince Ms. James-Steele to breach her agreement with Plaintiff." (*Id*. ¶ 43.) As a result, James-Steele severed her relationship with Plaintiff in December 2010. (*Id*. ¶ 44.) The next month, Cameron "filed a false document in the James-Steele case claiming that she continued to represent James-Steele when in fact she had ceased doing so in 2009 when she left the firm." (*Id*. ¶ 45.) Cameron then "falsely testified at [a] [r]ecusal [h]earing that Plaintiff had threatened her, and [Cameron] defamed Plaintiff to James-Steele. (*Id*. ¶ 47.) In addition, Cameron filed a Notice of Appearance in the James-Steele case without James-Steele's knowledge and even though James-Steele never retained her. (*Id*. ¶ 48.)

Plaintiff filed the Complaint on March 17, 2011. Defendant Golomb removed the case to this Court on April 28, arguing that Defendant Cameron was fraudulently joined and that, without Cameron, this Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff then

3

sought to remand the case under 28 U.S.C. § 1441(a) on the grounds that the Complaint asserted viable, good-faith claims against Cameron.

### III. ANALYSIS

#### A. Legal Standard

A case removed from state or territorial court must be remanded if, at any time before final judgment, the district court finds that it "lacks subject matter jurisdiction" to hear the case. 28 U.S.C. § 1447(c). The defendant, as the removing party asserting jurisdiction, bears the burden of showing that the case is properly in federal court. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

Where the district court's jurisdiction is based on the parties' diversity of citizenship, removal is permissible only if there is complete diversity of citizenship between each plaintiff and each defendant and the amount-in-controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). A removing defendant in an action that lacks complete diversity as pleaded may avoid remand, however, by "demonstrating that the non-diverse party was fraudulently joined." *Batoff*, 977 F.2d at 851.

"Joinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Briscoe*, 448 F.3d at 216 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). A claim is considered "colorable" as long as it is not "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 851. "If

4

there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)).

In evaluating whether joinder was fraudulent, a district court "must assume as true all factual allegations of the complaint" and resolve uncertainties as to "controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851 (citation and quotations omitted). Because the party asserting jurisdiction in federal court bears the burden of proving jurisdiction exists, the removing party claiming fraudulent joinder bears a "heavy burden of persuasion." *Id.* (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010, 1012 n.6 (3d Cir. 1987)). The fraudulent joinder inquiry is less searching than that applied on a Rule 12(b)(6) motion to dismiss. *See id.* at 852. Accordingly, while a district court "can look to more than just the pleading allegations to identify indicia of fraudulent joinder[,]" the court "must not step 'from the 'threshold jurisdictional issue into a decision on the merits.'" *Briscoe*, 448 F.3d at 219 (quoting *Boyer*, 913 F.2d at 112).

**B. Analysis**

Here, Defendants removed the action from territorial court based on diversity jurisdiction under 28 U.S.C. § 1332, even though both Plaintiff and Defendant Cameron appear to be citizens of the Virgin Islands. Defendants seek to avoid remand, however, by demonstrating that Cameron, "the non-diverse party[,] was fraudulently joined." *Batoff,* 977 F.2d at 851. Because we find that the Complaint states a cause of action against Cameron for defamation that is not "wholly insubstantial and frivolous[,]" *Batoff*, 977 F.2d at 851, we must remand the action in light of 28 U.S.C. § 1332's complete diversity rule.

To prevail on a defamation claim, a plaintiff must prove: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; (4) either the actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *VECC, Inc. v. Bank of Nova Scotia*, 296 F. Supp. 2d 617, 622 (D.V.I. 2003) (citing Restatement (Second) of Torts § 558).[3] Under the pleading standard for defamation claims, a complaint must "specifically identify what allegedly defamatory statements were made by whom and to whom." *Manns v. Leather Shop Inc.*, 960 F. Supp. 925, 929 (D.V.I. 1997) (citation and quotations omitted).

The Complaint states, in part, that "Defendants defamed the Plaintiff to Ms. James-Steele and told her that Plaintiff was not a fitting Attorney to represent her and other false[,] negative information about her in order to convince Ms. James-Steele to breach her agreement with Plaintiff," (Compl. ¶ 42), and that, as a result, James-Steele terminated her relationship with Plaintiff. (*Id.* ¶ 44.)   We will assume that "Plaintiff" in paragraph 42 means Rohn, and we find that these allegations state at least a colorable claim for defamation.  "[A] disparaging remark tending to harm someone in his business or profession fits within the definition of slander [or defamation] per se,'" and the plaintiff need not prove special damages. *VECC*, 296 F. Supp. 2d at 622 n.3 (citing *Ross v. Bricker*, 770 F. Supp. 1038, 1042 (D.V.I. 1991)). The statement that Rohn is not a fitting attorney to represent James-Steele "ascribes to [Rohn] conduct, characteristics or a condition that would adversely affect [her] fitness for the proper conduct of [her] lawful business, trade or profession," and thus states a claim for "defamation per se." Restatement (Second) of Torts § 573.

---

[3] By virtue of 1 V.I.C. § 4, the American Law Institute's Restatements are the rules of decisions in the Virgin Islands absent local law to the contrary.

Defendants argue that the statement cannot, as a matter of law, be defamatory because it was an opinion and founded opinions that have merit are not defamatory. (*See* Notice of Removal Ex. B, Cameron Mot. to Dismiss 9 (citing *Kendall v. Daily News Pub. Co.*, Civ. No. 07-517, 2010 WL 2218622, at * 5 (V.I. Super. Ct. May 27, 2010)) [1-2].[4] While true that "an opinion without more does not create a cause of action in [defamation], . . . '[a] defamatory communication may consist of a statement in the form of an opinion, . . . if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *Callender v. Nichtern*, No. 1005/93, 1995 WL 409028, at *3 (Terr. V.I . 1995) (quoting Restatement (Second) Torts § 566). The Third Circuit has held: "If an opinion is stated in a manner that implies that it draws upon unstated facts for its basis, the listener is unable to make an evaluation of the soundness of the opinion. In such circumstances, if the underlying facts are false, the Constitution does not protect the opinion." *Redco Corp. v. CBS, Inc.*, 758 F.2d 970, 972 (3d Cir. 1985) (citing Restatement (Second) of Torts § 566 cmt. a)); *Kendall v. Daily News Pub. Co.*, Civ. No. 07-517 2010 WL 2218633, at *5 (V.I. Super. May 27, 2010). For example, "to say of a person that he is a thief without explaining why, may, depending upon the circumstances, be found to imply the assertion that he has committed acts that come within the common connotation of thievery." Restatement (Second) of Torts § 566 cmt. b.

We cannot say as a matter of law whether the statement that Rohn is not a fitting attorney is a statement of pure opinion or whether it is an opinion capable of bearing a defamatory meaning. Given Cameron's prior relationship with Rohn, it is possible that a person in James-Steele's position would understand the statement to "impl[y] that it draws upon unstated facts for its basis." *See* Restatement (Second) of Torts § 566 cmt. b. If those unstated facts are false—

---

[4] To support the allegation of fraudulent joinder, Defendants' Notice of Removal relies on a motion to dismiss filed by Defendant Cameron in territorial court. We therefore consider the arguments raised in that motion as well as those in Defendants' opposition to the motion to remand.

7

something we cannot discern from the face of the Complaint—then the statement may be defamatory. As Defendants' argument about the truth of the statement depends on facts or allegations that conflict with Plaintiff's allegations as pleaded, it would be premature to rule as a matter of law that the defamation claim is "wholly insubstantial and frivolous." *See Batoff*, 977 F.2d at 851.

Defendants also argue that the statement cannot be defamatory because there is a privilege protecting statements to a client about co-counsel. (Opp'n to Mot. to Remand 12 (citing *Smith v. Lindell*, No. A08-1853, 2009 WL 3818214, at *5 (Minn. Ct. App. Nov. 17, 2009)). However, that privilege is inapplicable here as the Complaint makes clear that Cameron and Rohn were no longer co-counsel at the time Cameron made the allegedly defamatory statement. (Compl. 21–23.)

## IV. CONCLUSION

We reiterate that our decision addresses only the threshold jurisdictional question whether the Complaint presents at least some colorable claim against the non-diverse defendant, Cameron. We must accept all factual allegations as true and resolve any legal uncertainties in favor of the plaintiff. *Batoff*, 977 F.2d at 851. Applying that standard, we find that Plaintiff's defamation claim does not appear to be "wholly insubstantial and frivolous," s*ee Batoff*, 977 F.2d at 851, and accordingly, we will grant Plaintiff's Motion to Remand. An appropriate order will follow this opinion.

DATE: August, 19, 2011      */s/ Anne E. Thompson*
　　　　　　　　　　　　　　　　　　　ANNE E. THOMPSON, U.S.D.J.